# Bradford Building Loan & Savings Association v. Crowell, Appellant.

*Judgment—Opening judgment—Evidence—Vendor and vendee.*

Where a person purchases a small dwelling house, takes immediate possession, pays monthly installments of the purchase money for two years, then defaults, and judgment is entered against him for the unpaid balance, he will not be entitled to have such judgment opened by the testimony of himself and his wife, contradicted by the plaintiff, to the effect that when he examined the property he was told that the street in front of it was paved when in fact it was not, the surface being covered with snow at the time, that the house was plastered inside, when in fact it was not, and further avers that the rear end of the house projected over the property line, although he does not show that this condition existed at the time he purchased the property.

Argued Oct. 28, 1913. Appeal, No. 58, Oct. T., 1913, by defendant, from order of C. P. McKean Co., Dec. T., 1912, No. 1, discharging rule to open judgment in case of Bradford Building Loan & Savings Association v. R. W. Crowell. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule to open judgment.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*Rufus B. Stone,* for appellant.

*E. J. Jones,* of *Jones & Wick,* for appellee.

OPINION BY HEAD, J., April 20, 1914:

This appeal comes from an order discharging a rule to show cause why a judgment entered on a warrant of attorney should not be opened. In such case the ap-

pellant has the burden of showing an abuse, by the learned court below, of that legal discretion to which is largely committed the disposition of such questions.

The appellant entered into an executory contract in writing for the purchase of a small dwelling house. That instrument was executed on January 9, 1908. Some days before its execution the appellant and his wife, in company with one of the directors of the loan association, paid a visit of inspection to the premises. They went through the various rooms and were given every opportunity to examine the building itself and its surroundings to such extent as they desired to do so. The agreement was afterwards signed.` It provided for the payment of $100, hand money, and monthly installments of $10.00 until the whole of the purchase money about $1,200, should be paid. It contained the further not unusual stipulation that if the installments were permitted to become and remain in arrears for a stated period of time, the entire balance of the purchase money, might thereupon be declared to be due, and full authority was given for the entry of judgment for such sum and the issue of the necessary execution process to enforce payment. Possession of the premises was immediately taken by the appellant. He continued to make his payments with reasonable regularity for about two years. He then began to permit the installments to become in default, and it became necessary for the association to insist upon their payment under threats of using the warrant of attorney with the results that would follow the entry of judgment.

About this time the appellant appeared before the directors and made claim that he had been misled by certain false statements made by the director who had taken him to examine the premises. They were, in brief, that when he went to see the house there was snow on the ground; that he was told the street on which it fronted was paved, when in fact it was not. He alleged it was stated to him that the inside walls were plas-

tered, and this turned out to be untrue. And finally, that upon inquiry as to the property line dividing his lot from the one next adjoining, he was led to believe that the whole of the house stood within the lines of the lot he was buying. The director in question flatly contradicted these various allegations, and the association declined to take any action, filed its warrant of attorney and entered a judgment. Thereupon the defendant filed his petition setting forth practically the facts to which we have adverted and obtained a rule to show cause why the judgment should not be opened. After answer filed and the taking of depositions, the learned court below, in an opinion filed, discharged the rule.

Clearly enough there was but little ground for relief on the allegations of the defendant concerning the paved street and the plastered walls. His statement was supported by the testimony of his wife who was with him, but was denied by the other party and practically by the agreement he had made. It was manifest that the slightest diligence on his own part would have enabled him to ascertain the facts in the two respects indicated. It is not very difficult to determine, even when there is snow on the ground, whether a street be paved or not, and a very superficial examination of the wall of a room would indicate whether or not it was plastered. The manner in which and the length of time during which the installments were paid greatly tend to weaken the force of the appellant's statement. As to the division line, there was some evidence introduced tending to show that at the date of the hearing the smaller rear portion of the dwelling house resting on posts had so slipped that it projected a short distance across the property line, but the learned court below was unable to find from the testimony that such a state of facts existed at the time the property was purchased. It could be just as fairly inferred from the scant evidence on the subject that the slip had occurred

since the purchase. The only explanation of his apparent laches which the appellant could offer was that at some indefinite time he had made some complaint as to these matters to the collector who received his monthly installments. It was not pretended, however, that any claim had been made to the association or its executive officers until payments had been made for more than two years. Under these circumstances we are unable to say that the learned court below abused the legal discretion with which it is vested.

The order of the court below discharging the rule is affirmed. The costs of this appeal to be paid by the appellee.

Filed May 6, 1914:

By a clerical error the judgment entered in this case directed the costs of the appeal to be paid by the appellee. That portion of our order is now stricken off and it is ordered that the costs of this appeal be paid by the appellant.

By the court.